IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO EDUARTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SLICCILY PIZZA PUB, INC. and | ) |
| CHRISTOS ANGELOS, individually | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Pedro Eduarte, by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Sliccily Pizza Pub, Inc. and Christos Angelos (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL) for Defendants' failure to pay overtime wages to Plaintiff. The Plaintiff, an hourly employee of Defendants, customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Pedro Eduarte resides and is domiciled in this judicial district.

5. Plaintiff Pedro Eduarte is a former employee of Defendants who was employed by the Defendants in this judicial district. During the course of his employment, Plaintiff Pedro Eduarte handled goods that moved in interstate commerce.

6. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

7. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

8. Defendant Sliccily Pizza Pub, Inc. ("Sliccily"), is an Illinois corporation doing business within this judicial district. Defendant Sliccily, is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

9. At all times material hereto, upon information and belief the annual gross revenue of Defendants was in excess of $500,000 per annum.

10. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or had been produced for commerce.

11. Defendant Sliccily was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

12. The Defendants routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay him the overtime premium rate (1 ½ times regular rate of pay) for hours worked in excess of 40 per week.

13. Plaintiff worked for the Defendants in the previous three years ask cook/ preparer at Defendants' restaurant-bar located at 8427 W. Cermak Road, North Riverside, Illinois.

14. During the course of his employment by the Defendants, the Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

15. Plaintiff Pedro Eduarte was employed by Defendants from March 2015 through June 2017.

16. Defendants paid Plaintiff Pedro Eduarte by weekly.

17. Defendants paid Plaintiff Pedro Eduarate with a payroll check for 80 hours and any additional hours were paid in cash at his regular hourly rate.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this First Amended Complaint, as if fully set forth herein.

18. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiffs.

19. Plaintiff worked for Defendants and she was their "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

20. Defendant were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

22. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

24. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

25. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207. Defendants' willful violation is shown in their attempt to conceal overtime hours by paying overtime wages in cash.

27. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff Eduarte prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times Plaintiff Eduarte's regular rate for all time Plaintiff worked in excess of 40 hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

28. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff Pedro Eduarte brings this action pursuant to 820 ILCS 105/12(a).

30. At all relevant times herein, Defendants were Plaintiff Eduarte's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff Eduarte was Defendants' "employee" within the meaning of that Act.

31. During the course of his employment by Defendants, Plaintiff Eduarte was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

32. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff Eduarte worked in excess of 40 hours, Plaintiff Eduarte was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants did not pay Plaintiff Eduarte one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff Eduarte at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff Eduarte is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff Eduarte prays for a judgment against Defendant as follows:

A.     A judgment in the amount of one and one-half times Plaintiff Edurate's regular rate for all time which he worked in excess of 40 hours per week;

B.     Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Reasonable attorneys' fees and costs incurred in filing this action; and

D.     Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: May 16, 2018     **PEDRO EDUARTE**

By: _s/Carlos G. Becerra
One of Plaintiffs' Attorneys

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848