# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEDRO EDUARTE, | ) |
| Plaintiff, | ) |
| | ) No. 18 C 3489 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| SLICCILY PIZZA PUB, INC., and CHRISTOS ANGELOS, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Pedro Eduarte, a former cook, food preparer, and employee of Defendants Sliccily Pizza Pub, Inc. ("Sliccily") and Christos Angelos, claims that he did not receive proper overtime pay for the regular overtime hours that he worked. He filed suit claiming violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1), and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/4a. Defendants now move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), arguing that Eduarte failed to meet the statutory requirements of the FLSA to show standing, thus depriving the Court of subject matter jurisdiction, and requesting that the Court decline to exercise supplemental jurisdiction over the remaining state law claims. Alternatively, Defendants ask the court to dismiss for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). Because Eduarte has not sufficiently alleged any information about Angelos, the Court dismisses him as a Defendant. However, because Eduarte has sufficiently alleged his overtime claim under the FLSA and IMWL against the remaining Defendant, Sliccily, and has properly alleged that Sliccily was his employer, the Court denies the remainder of Defendants' motion to dismiss.

# BACKGROUND[1]

Eduarte worked as an hourly employee from March 2015 through June 2017 at the Sliccily restaurant-bar location at 8427 W. Cermak Road, North Riverside, Illinois. Throughout his employment, he handled and prepared goods that moved in interstate commerce. As a matter of routine practice and policy, Sliccily required Eduarte to work more than forty hours per week but failed and refused to pay him the overtime premium of one-and-a-half times the regular rate of pay for the hours he worked over forty per week. Sliccily paid Eduarte biweekly with a payroll check for eighty hours, and cash for any additional hours at his regular rate, not time and a half.

# LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted

---

[1] The facts in the background section are taken from Eduarte's complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011) (Rule 12(b)(6)); *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (Rule 12(b)(1)).

by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Sufficiency of Employer Allegations

Defendants first argue that Eduarte failed to adequately allege that either Defendant qualifies as his employer under the FLSA or the IMWL. Defendants merge their 12(b)(1) and 12(b)(6) motions to dismiss on this issue. Doc. 27 at 4 ("Defendants move to dismiss Plaintiff's Count I for lack of standing and failure to state a claim. Because employees only have standing to sue their current or former employer under the FLSA (29 U.S.C. § 207(a)), both challenges center on Plaintiff's failure to adequately allege that Defendants were his employer under the FLSA."). The Court therefore analyzes the motions together. *Ivery v. RMH Franchise Corp.*,

3

280 F. Supp. 3d 1121, 1127 (N.D. Ill. 2017) (merging 12(b)(1) and 12(b)(6) arguments on FLSA employer issue). The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The IMWL similarly defines "employer" as "any individual, partnership, association, corporation . . . or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." 820 Ill. Comp. Stat. 105/3. Because of the parallels between the two statutes, courts have generally applied the same analysis to both. *See Condo v. Sysco Corp.*, 1 F.3d 599, 600 n.3 (7th Cir. 1993). As such, the Court combines both analyses under the FLSA standards.

The Supreme Court has found that the FLSA defines the verb "employ" expansively, with "striking breadth." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 117 L. Ed. 2d 581 (1992). In determining the employment relationship, the Court focuses on "economic reality" rather than technical concepts. *Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017); *see Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d 100 (1961). Courts in this district have considered whether the employer: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Ivery*, 280 F. Supp. 3d at 1128 (collecting cases). No single factor is dispositive, nor are these factors exhaustive. *Id.*

Eduarte alleges the enterprise status and location of Sliccily. Doc. 1 ¶¶ 8–11, 13. Eduarte also alleges how Sliccily controlled his work schedule and how it paid him. *Id.* ¶¶ 12, 16–17. Because Eduarte has sufficiently identified Sliccily, including its status as a corporation and enterprise, its location, its control over his work schedule, and its method of payment, the Court finds that Eduarte has sufficiently alleged Sliccily's status as an employer under the FLSA.

4

*Ivery*, 280 F. Supp. 3d at 1128. However, Eduarte does not mention, even in passing, who Angelos is, or what his relationship is to Eduarte or Sliccily. Without any information, the Court cannot find that any of the factors listed above weigh in favor of considering Angelos as an employer. *Id.* Furthermore, Eduarte includes Angelos solely in the caption; Eduarte does not refer to him in any enumerated paragraph in the complaint. This is not enough to state a claim against Angelos. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Because Eduarte sufficiently alleges that Sliccily was his employer, he has standing to bring a claim against Sliccily.[2] 29 U.S.C. § 207(a). However, the Court grants Defendants' motion to dismiss for lack of standing against Angelos and for failure to state a claim against Angelos without prejudice.

## II. Sufficiency of Overtime Allegations

Defendants next argue that Eduarte cannot pursue his claims because he has failed to allege what weeks he worked overtime, what he was paid, what he should have been paid, and what amount Sliccily may owe him. However, Eduarte need not allege more than the months he worked and the fact that Sliccily "routinely" required him to work overtime to state a claim under the FLSA, which he does.[3] *See* Doc. 1 ¶¶ 15, 12; *Victoria v. Alex Car, Inc.*, No. 11 C 9204, 2012 WL 1068759 at *5 (N.D. Ill. Mar. 29, 2012) ("[T]here is no rule of law that requires Plaintiffs to allege their hourly wage [and] the dates on which the alleged violations took place"); *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514 at *3 (N.D. Ill. Jan 4, 2012) (allowing FLSA claim to proceed where plaintiffs alleged that "they 'routinely' worked more

---

[2] Because the Court finds that Eduarte has standing to bring, and has sufficiently pled, a claim under the FLSA, the Court has subject matter jurisdiction. 28 U.S.C. § 1331. As such, the Court may exercise supplemental jurisdiction over Eduarte's IMWL claim as well. 28 U.S.C. § 1367. Therefore, the Court denies Defendants' motion to dismiss on Eduarte's IMWL claim for lack of subject matter jurisdiction.
[3] As stated, the Court combines its analysis of Eduarte's FLSA and IMWL claims under FLSA standards. *See Condo v. Sysco Corp.*, 1 F.3d 599, 600 n.3 (7th Cir. 1993).

than 40 hours per week without receiving overtime pay, and that the amount of compensation they did receive for the work they performed fell below the minimum-wage requirement," noting that "wage cases [ ] are not so complicated that they require significant factual allegations"); *Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551 at *4 (S.D. Ill. Feb. 12, 2010) (plaintiff need not allege "details of dates, times and allegedly unpaid overtime wages" to sufficiently plead an overtime claim). Therefore, the Court allows Eduarte to proceed against Sliccily on his FLSA and IMWL claims.

## CONCLUSION

The Court grants in part and denies in part Defendants' motion to dismiss [27]. The Court dismisses Carlos Angelos as a Defendant without prejudice to the filing of an amended complaint.

Dated: July 2, 2019

_____
SARA L. ELLIS
United States District Judge